# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Mark W. NINNEMAN, Attorney at Law.

Supreme Court

*No. 85–0448-D. Submitted on briefs March 5, 1986.—*
*Decided April 7, 1986.*
(Also reported in 384 N.W.2d 345.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

For the appellant, Mark W. Ninneman, there were briefs by *Richard C. Ninneman,* Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy.*

Attorney Mark W. Ninneman appealed from the referee's recommendation that his license to practice law in Wisconsin be suspended for a period of 60 days as discipline for unprofessional conduct. That conduct consisted of the neglect of a probate matter for which he had been retained, his failure to appear at a court hearing on an order to show cause why the estate had

not been timely closed, and his neglect of a personal injury matter, in which he delayed making a disbursement from settlement proceeds to pay his client's medical expenses. We determine that a 60-day suspension of Attorney Ninneman's license to practice law is appropriate discipline for his unprofessional conduct.

Attorney Ninneman was admitted to the practice of law in Wisconsin in 1977 and practiced in Milwaukee until February, 1985, when he closed his law office, transferred his pending files to other counsel and took a nonlegal position with a communications corporation. Attorney Ninneman was previously disciplined for unprofessional conduct: in October, 1983, he was publicly reprimanded by the Board of Attorneys Professional Responsibility (Board) for his neglect of two legal matters and for his failure to timely respond to several Board requests for information concerning client grievances. The referee in this proceeding is Attorney Stewart G. Honeck.

Pursuant to a stipulation of the parties, the referee found that in June, 1981, Attorney Ninneman was retained to probate an estate. He filed a petition for probate of the will in August of that year, a hearing was held and domiciliary letters issued to the personal representative. Neither Attorney Ninneman nor the personal representative filed additional documents in the estate, nor had there been additional proceedings in that estate since August of 1981.

Responding to an inquiry of the Board into this matter, Attorney Ninneman stated that his unreasonable delay in completing the probate of the estate was due to his lack of familiarity with probate procedures, but he told the Board that he would complete the estate within four weeks. In October, 1984, the judge of the

probate court ordered the personal representative and Attorney Ninneman to show cause why the estate had not been timely closed. At Attorney Ninneman's request, the date of the hearing on that order was subsequently extended, but Attorney Ninneman failed to appear at the hearing, resulting in the issuance of a body attachment with respect to Attorney Ninneman for his failure to appear as ordered. Prior to the filing of the Board's complaint in this proceeding, Attorney Ninneman obtained the services of another attorney to complete the estate, and the body attachment was withdrawn.

The parties stipulated and the referee concluded that Attorney Ninneman's conduct in the estate constituted neglect of a legal matter, in violation of SCR 20.32(3), the failure to carry out a contract of employment with a client, in violation of SCR 20.35(1)(b), and the failure to appear before a court as ordered, in violation of SCR 20.40(1).

In a second matter, Attorney Ninneman had been retained in May, 1982, to represent a woman in a personal injury claim. After negotiating a settlement of the claim and disbursing proceeds from the settlement check to himself for his fees and to the client, Attorney Ninneman retained $300 of the proceeds in his client trust account, representing to the client that he would disburse that amount to a doctor who had provided the client with medical treatment and furnished medical reports. Despite numerous requests from the client to make that disbursement, Attorney Ninneman failed to do so until May, 1984, after the client had filed a grievance with the Board. Because of Attorney Ninneman's delay in making the disbursement, the doctor retained a collection agency to pursue his claim and incurred

a $105 collection agency fee. After the Board filed its complaint in this proceeding, Attorney Ninneman reimbursed the doctor in the amount of $105.

The referee concluded, pursuant to the parties' stipulation, that Attorney Ninneman's conduct in this matter constituted neglect of a legal matter, in violation of SCR 20.32(3), and neglect to make prompt disbursement of client funds upon the client's request, in violation of SCR 20.50(2)(d).

The only issue in this appeal is what constitutes appropriate discipline for Attorney Ninneman's unprofessional conduct. Attorney Ninneman argued that a 60-day suspension of his license to practice law is too severe for the reason that his conduct did not involve dishonesty, misrepresentation or misappropriation of client's funds. He suggested that any suspension of his license, regardless of the length of time, would create in the minds of the public the impression that he had been guilty of conduct involving moral turpitude. He further argued that, as he has terminated the practice of law, he should be permitted to pursue his new career without the "stigma" that he has engaged in dishonest conduct. He also contended that, because it would now serve no useful purpose, a suspension of his license would constitute nothing more than a punishment.

The Board contended that the recommended 60-day suspension of Attorney Ninneman's license to practice law is appropriate discipline in light of the fact that he had previously been disciplined for similar unprofessional conduct. The Board argued that a suspension of Attorney Ninneman's license is appropriate in furtherance of two of the objectives of attorney discipline: protecting the public from attorney unprofes-

sional conduct and deterring other attorneys from engaging in similar misconduct.

We find Attorney Ninneman's arguments unpersuasive. Attorney Ninneman has not surrendered his license to practice law and resigned from membership in the State Bar of Wisconsin, which he is permitted to do by SCR 10.03(7), and therefore continues to be authorized to practice law in Wisconsin. While it may not have any practical effect because he has ceased practicing in the state, a suspension of Attorney Ninneman's license is an appropriate response to his unprofessional conduct, which occurred after he had been publicly reprimanded for similar conduct. Moreover, a suspension of his license will also serve as a deterrent to other attorneys; obviously, a public reprimand was insufficient to deter Attorney Ninneman from continuing to neglect client matters.

We accept the referee's findings of fact and conclusions of law, and we agree that a 60-day suspension of Attorney Ninneman's license to practice law in Wisconsin is appropriate discipline under the circumstances.

IT IS ORDERED that the license of Mark W. Ninneman to practice law in Wisconsin is suspended for a period of 60 days, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark W. Ninneman pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid and absent a showing of an inability to pay the costs within the time specified, the license of Mark W. Ninneman shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Mark W. Ninneman comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.